**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HEATHER LABRAKE and STEPHANIE SMITH, individually and on behalf of all others similarly situated, | Civil Action No.: 8:24-cv-356 (AMN/CFH) |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| SIX FLAGS ENTERTAINMENT CORPORATION d/b/a SIX FLAGS GREAT ESCAPE LODGE, | |
| Defendant. | |

Plaintiffs Heather Labrake and Stephanie Smith ("Plaintiffs"), bring this action on behalf of themselves, and all others similarly situated against Six Flags Entertainment Corporation d/b/a Six Flag Great Escape Lodge ("Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

## NATURE OF THE ACTION

1. For over a year, Defendant has been charging hidden fees to vacationers on its website in violation of the New York State Arts and Cultural Affairs Law § 25.07(4). Whenever a customer selects a ticket on the website https://www.sixflagsgreatescapelodge.com/, they are quoted a fee-less price, only to be charged a "Processing Fee" at checkout after clicking through the various screens required to make a purchase. This hidden charge, which most customers will not discover until they receive a confirmation email with their receipt, is exactly the conduct the law is designed to prevent.

2. To stop these hidden fee schemes, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall

disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* This latest version of the law went into effect August 29, 2022. *See also* **Exhibit A**.

3.      For these reasons, Plaintiffs seek relief in this action individually, and on behalf of all other customers who bought tickets from Defendant using its website for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 10,000 tickets to stay at the Great Escape Lodge in Queensbury, New York through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5.      This Court has personal jurisdiction over Defendant because Defendant operates the Great Escape Lodge in the state of New York and sells tickets in New York through its website.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's Great Escape Lodge is in this District.

## PARTIES

7.      Plaintiff Heather Labrake is an individual consumer who, at all times material hereto, was a citizen and resident of Fort Covington, New York. Plaintiff purchased tickets to the

Great Escape Lodge on March 29, 2023, through Defendant's website, https://www.sixflagsgreatescapelodge.com. In addition to the purchase price and taxes for the tickets, Plaintiff Labrake was charged a $14.99 "Processing Fee" that was not disclosed at the time of her purchase. The transaction flow process she viewed on Defendant's website was substantially similar as that depicted below in this complaint.

8.      Plaintiff Stephanie Smith is an individual consumer who, at all times material hereto, was a citizen and resident of Gansevoort, New York. Plaintiff purchased tickets to the Great Escape Lodge on July 11, 2023, through Defendant's website, https://www.sixflagsgreatescapelodge.com. In addition to the purchase price and taxes for the tickets, Plaintiff Smith was charged a $10.92 "Processing Fee" that was not disclosed at the time of her purchase. The transaction flow process she viewed on Defendant's website was substantially similar as that depicted below in this complaint.

9.      Defendant Six Flags Entertainment Corporation is a corporation with its principal place of business in Arlington, Texas. Defendant operates the Six Flags Great Escape Lodge & Indoor Water Park in Queensbury, New York.

## RELEVANT FACTUAL ALLEGATIONS

10.     When a potential customer visits Defendant's website, https://www.sixflagsgreatescapelodge.com on the main page, they select the dates they wish to book for a stay. *See* Figure 1.

///

///

///

///

///

3

**Figure 1**



11.     If a consumer selects dates and clicks the check rates button, they are presented with a variety of room options. The price quoted for each room does not include taxes, or importantly, fees. *See* Figure 2.

///

///

///

///

///

///

///

///

**Figure 2**



12.     After a customer selects a room, the purchase process begins and they are prompted to either select optional packages to add on to their purchase, or to click the button to "Continue to Book." This page displays the "Grand Total with Taxes." It does not indicate that any other fees with be charged. *See* Figure 3.

///

///

**Figure 3**



13.     After the consumer clicks the "Continue to Book" button, they are then taken to the final checkout screen.  The cost of the room and "Taxes and Fees" are shown above the "Total with Taxes." This screen is the first time Defendant discloses that any fees will be charged for the purchase. Even then, the amount of the fees is not disclosed, because it is included in the amount of the taxes charged.

///

///

///

///

6

**Figure 4**



14.     Only after a customer enters their payment information and clicks the "Confirm Reservation" button to complete the purchase are they provided with an email confirmation that shows the amount of the hidden fee they were charged.

### NEW YORK ARTS & CULTURAL AFFAIRS LAW

15.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser.  Such

disclosure of the total cost <u>and fees</u> shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id.* (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figure 3.

16.     Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law.  As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the <u>ticket price</u>, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser."  *Id.* at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

17.     **Nationwide Class:**  Plaintiffs seek to represent a class defined as all individuals in the United States who purchased tickets for Defendant's Great Escape Lodge from Defendant's website on or after August 29, 2022.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

18.     **New York Subclass:**  Plaintiffs also seek to represent a subclass defined as all individuals in the state of New York who purchased tickets for Defendant's Great Escape Lodge from Defendant's website on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, officers or directors of Defendant.

19.     Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass number in the tens of thousands.  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the records of Defendant.

20.     Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

21.     The claims of the named Plaintiffs are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiffs and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to disclose the total cost of their tickets, including Defendant's booking fees, throughout the online ticket purchase process.

22.     Plaintiffs are adequate representatives of the Nationwide Class and New York Subclass because their interests do not conflict with the interests of the Nationwide Class and New York Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

23.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

24.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

25.     Plaintiffs bring this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

26.     Defendant is a "operator or operator's agent of a place of entertainment," because Defendant owns, operates, or controls the Great Escape Lodge, or is an agent for another business entity that owns, operates, or controls the Great Escape Lodge.  "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such

as a theatre, stadium, arena, racetrack, museum, <u>amusement park</u>, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged."  N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).  "'Operator' means any person who owns, operates, or controls a place of entertainment."  N.Y. Arts & Cult. Aff. Law § 25.03(5).

27.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figure 3 of this Complaint.  Figure 3 expressly provides the "Grand Total with Taxes" to purchase a ticket.

28.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted above.

29.     Defendant's "Processing Fee" per ticket is an "ancillary fee[] that must be paid in order to purchase the ticket."  Arts & Cult. Aff. Law § 25.07(4).

30.     Plaintiffs purchased tickets on Defendant's website and were forced to pay Defendant's processing fee.  Plaintiffs were harmed by paying this processing fee, even though the processing fees were not disclosed to Plaintiffs at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

31.     On behalf of themselves and members of the Nationwide Class and New York Subclass, Plaintiffs seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* Arts & Cult. Aff. Law § 25.33.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the Nationwide Class and New York Subclass, pray for judgment as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil

Procedure and naming Plaintiffs as representatives of the Classes and Plaintiffs'

attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced

herein;

(c)     For an order finding in favor of Plaintiffs and the Classes on all counts asserted

herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes their reasonable attorneys'

fees and expenses and costs of suit.


Dated: March 14, 2024

By: */s/ Enes Hajdarpasic*
    Enes Hajdarpasic

**ONAL GALLANT BAYRAM**
**& AMIN**
Enes Hajdarpasic
619 River Dr., Ste 340
Elmwood Park, NJ 07407
Telephone: (201) 508-0808
Email: enes@ogplawfirm.com

**CROSNER LEGAL, P.C.**
Chad Saunders (*pro hac vice application*
*forthcoming*)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (866) 276-7637

12

Facsimile:  (310) 510-6429
E-mail: chad@crosnerlegal.com

*Attorneys for Plaintiffs*