UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEATHER LABRAKE, STEPHANIE SMITH, and MARCY DONOHUE, individually and on behalf of all others similarly situated,

                Plaintiffs,                8:24-cv-00356 (AMN/CFH)

    v.

SIX FLAGS ENTERTAINMENT CORPORATION d/b/a SIX FLAGS GREAT ESCAPE LODGE,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CROSNER LEGAL P.C.**<br>9440 Santa Monica Boulevard – Suite 301<br>Beverly Hills, California 90210<br>*Attorneys for Plaintiffs* | **CHAD SAUNDERS, ESQ.** |
| **ONAL GALLANT & PARTNERS**<br>619 River Drive – Suite 340<br>Elmwood Park, New Jersey 07407<br>*Attorneys for Plaintiffs* | **ENES HAJDARPASIC, ESQ.** |
| **DLA PIPER LLP (US)**<br>1251 Avenue of the Americas<br>New York, New York 10020 | **ROBERT J. ALESSI, ESQ.**<br>**COLLEEN GULLIVER, ESQ.**<br>**JASON E. KORNMEHL, ESQ.**<br>**KEARA M. GORDON, ESQ.** |
| 555 Mission Street – Suite 2400<br>San Francisco, California 94105<br>*Attorneys for Defendant* | **ISABELLE L. ORD, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

I.      INTRODUCTION

Plaintiffs Heather Labrake, Stephanie Smith, and Marcy Donohue (collectively, "Plaintiffs") bring this putative class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), against defendant Six Flags Entertainment Corporation d/b/a Six Flags Great Escape Lodge ("Defendant"), alleging violations of the New York Arts and Cultural Affairs Law, and challenging purportedly undisclosed fees charged by Defendant to consumers who purchased tickets through its website.  Dkt. Nos. 15, 17 ("Amended Complaint"); *see also* Dkt. No. 1.

Presently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").  Dkt. No. 26 ("Motion"). Plaintiffs filed papers in opposition, Dkt. No. 42, and Defendant filed reply papers in further support, Dkt. No. 43.  For the reasons set forth below, the Amended Complaint is dismissed without prejudice.

II.     BACKGROUND

   A. The Parties

Defendant is a Delaware corporation with its principal place of business in Texas.[1]  Dkt. No. 17 at ¶ 10; Dkt. No. 36-1 at 6; Dkt. No. 36-2 at ¶ 2.  Defendant is a holding company that, with its consolidated subsidiaries, owns and operates regional theme parks and water parks, including the Great Escape Lodge in New York (the "Lodge").  Dkt. No. 17 at ¶ 10; Dkt. No. 36-

---

[1] After July 1, 2024, following Defendant's merger with another entity, the combined entity is a Delaware corporation with its principal place of business in North Carolina.  Dkt. No. 36-1 at 6 n.2; Dkt. No. 36-2 at ¶ 2.  "This is irrelevant for jurisdictional purposes, however, because '[d]iversity is measured as of the time the action is brought.'"  *Windward Bora LLC v. Browne*, 110 F.4th 120, 124 n.4 (2d Cir. 2024) (alteration in original) (quoting *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (*per curiam*)); *see also Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 77–78 (2d Cir. 2019).

3 at 6–7, 10, 34. Defendant is also alleged to operate a website, www.sixflagsgreatescapelodge.com, through which consumers may purchase tickets for the Lodge. *See, e.g.,* Dkt. No. 17 at ¶¶ 1, 11.

Plaintiffs are all individual consumers and New York citizens. *Id.* at ¶¶ 7–9. Each purchased tickets to the Lodge through Defendant's website, sometime between March 29, 2023 and September 22, 2023. *Id.*

Non-Party HWP Development, LLC ("HWP") is a New York limited liability company that Defendant contends owned and operated the Lodge at all relevant times. Dkt. No. 36-1 at 5, 16; Dkt. No. 36-2 at ¶ 5. HWP is an indirect subsidiary of Defendant. Dkt. No. 36-2 at ¶ 6.

### B. Plaintiffs' Allegations

In essence, Plaintiffs allege that Defendant's website did not properly disclose the fee consumers are charged when they purchase tickets online. Dkt. No. 17 at ¶¶ 1, 7–9. More specifically, the Amended Complaint alleges that consumers who purchased tickets through Defendant's website were quoted a fee-less price until the final checkout screen. *Id.* at ¶¶ 11–13. That final screen then added an additional amount of "Taxes and Fees," but did not disaggregate the fee amount. *Id.* at ¶ 14. Only after completing the purchase would a consumer receive an email receipt specifying the fee amount. *Id.* at ¶ 15.

As a result of this transaction process, Plaintiffs allege that they were charged, respectively, an improperly disclosed $14.99 processing fee, an improperly disclosed $10.92 processing fee, and an improperly disclosed $50.00 resort fee, in addition to the ticket price and applicable taxes. *Id.* at ¶¶ 7–9.

The one count Amended Complaint alleges that this practice violated a provision of the New York Arts and Cultural Affairs Law related to ticket prices, which reads, in relevant part:

> Every operator or operator's agent of a place of entertainment . . . shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase. . . . The price of the ticket shall not increase during the purchase process, excluding reasonable fees for the delivery of non-electronic tickets based on the delivery method selected by the purchaser, which shall be disclosed prior to accepting payment therefor.

N.Y. Arts & Cultural Affs. Law § 25.07(4); Dkt. No. 17 at ¶¶ 16–17, 25–32.

Plaintiffs seek to represent a nationwide class of individuals (the "Nationwide Class") who purchased tickets to the Lodge through Defendant's website on or after August 29, 2022 (the "Class Period"), as well as a subclass of individuals in New York State (the "New York Subclass") who similarly purchased tickets. Dkt. No. 17 at ¶¶ 18–19. Plaintiffs allege that there "are more than 100 class members." *Id.* at ¶¶ 4, 20.

The Amended Complaint alleges that Defendant's website sold "at least 10,000 tickets" during the Class Period, and that Defendant is liable "for a minimum of fifty dollars in statutory damages for each ticket sold." *Id.* at ¶ 4. Plaintiffs seek compensatory and other monetary relief, injunctive, declaratory, and other equitable relief, and costs and attorneys' fees on behalf of the Nationwide Class and the New York Subclass. *Id.* at ¶¶ 3, 32.

### C. Procedural Posture

Plaintiffs Labrake and Smith commenced this action on March 14, 2024. Dkt. No. 1. Plaintiffs filed the Amended Complaint on May 29, 2024. Dkt. Nos. 15, 17. Defendant requested and received permission to bifurcate dismissal briefing, over Plaintiffs' opposition. Dkt. Nos. 18–19, 24, 26–27, 31, 34. After several lengthy Court-approved extensions of time to respond and to brief the Motion, the Motion was fully submitted on September 26, 2024. Dkt. Nos. 10–11, 13–14, 19, 27, 40–41.

### III. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). To resolve such a motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).

As relevant here, CAFA confers "federal jurisdiction over any class action involving '(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states.'" *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006)). "Under CAFA, as under the traditional rule, the party asserting subject matter jurisdiction has the burden of proving it." *Blockbuster*, 472 F.3d at 59. To properly allege jurisdiction under CAFA, a plaintiff must plead facts "showing that there is a reasonable probability that each of the jurisdictional prerequisites is satisfied." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (quotations and citations omitted).

### IV. DISCUSSION

The Motion seeks dismissal of the Amended Complaint (i) under Rule 12(b)(1) for lack of subject matter jurisdiction, and (ii) under Rule 12(b)(7) for failure to join a party. Dkt. No. 36-1. As to the portion of the Motion based on Rule 12(b)(1), Defendant argues that this Court does not

5

have subject matter jurisdiction because HWP, not Defendant, is the entity that allegedly injured Plaintiffs. Dkt. No. 36-1 at 11–13. Plaintiffs offer no response to Defendant's jurisdictional argument. *See generally* Dkt. No. 42. In fact, Plaintiffs only oppose the portion of the Motion "based on Rule 12(b)(7)." *Id.* at 5. As a result, Defendant contends that Plaintiff has conceded the absence of federal subject matter jurisdiction and the Amended Complaint should be dismissed. Dkt. No. 43 at 6–7.

The Court agrees. *See Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 208 (2d Cir. 2024) ("Even though federal subject-matter jurisdiction cannot be established through waiver or estoppel, it may be *defeated* by waiver or estoppel.") (quoting *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 34 (1st Cir. 2018)); *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-cv-7962, 2023 WL 5935694, at *5 (S.D.N.Y. Sept. 12, 2023) ("By standing mute in the face of [Defendant's] jurisdictional challenge, Plaintiffs effectively concede that they cannot carry their burden and that the Court lacks subject matter jurisdiction over the claims. . . .") (alterations in original) (quoting *M.M. ex rel. J.M. v. New York City Dep't of Educ.*, No. 09-cv-5236, 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010)).

Additionally, the Court notes that the section of the Amended Complaint addressing jurisdiction pursuant to 28 U.S.C. § 1332(d) fails to sufficiently allege that CAFA's matter in controversy requirement is satisfied. *See Behrens*, 96 F.4th at 208 ("Our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction.") (emphasis in original) (quoting *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996)). The Amended Complaint asserts that the matter in controversy exceeds $5 million because Defendant's website sold "at least 10,000 tickets" during the Class Period, and Defendant "is liable

for a minimum of fifty dollars in statutory damages for each ticket sold." Dkt. No. 17 at ¶ 4. Accepting as true these factual allegations and drawing all reasonable inferences in Plaintiffs' favor, *Lunney*, 319 F.3d at 554, if Defendant sold 10,000 tickets—all to members of the Nationwide Class or New York Subclass—and is liable for $50 in statutory damages for every ticket, that suggests only $500,000 in controversy, far less than the $5 million required for federal jurisdiction. *See, e.g., Cutrone*, 749 F.3d at 142 ("To establish the requisite amount in controversy for CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d), a [plaintiff] must 'show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'") (quoting *Blockbuster*, 472 F.3d at 56).

Accordingly, the Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Given the lack of federal jurisdiction, the Court does not reach the Motion's remaining arguments.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 36, is **GRANTED in part**, as set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiffs' amended complaint, Dkt. Nos. 15, 17, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

IT IS SO ORDERED.

Dated: December 17, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge